MAN *et al. v.* ELKINS *et al.*

(*Supreme Court, General Term, Second Department.* May 12, 1890.)

MORTGAGES—LIEN—RIGHTS OF JUNIOR MORTGAGEES.

In an action for foreclosure, it appeared that the mortgage was originally given to secure one H. against losses, past and future, in certain stock transactions, and that afterwards plaintiff loaned money to the mortgagor, who procured from H. an assignment of the mortgage to plaintiff. *Held*, that the mortgage could not be enforced as against a second mortgage executed before the assignment to plaintiff, unless something was due to H. under the transactions which the first mortgage was given to secure

Appeal from special term, Kings county.

Action by Albon P. Man and William Man, as trustees, etc., against Mary C. Elkins and Georgiana Elkins individually, and as administratrices with the will annexed of George B. Elkins, deceased; Fanny Elkins, Ida Elkins, Ambrose Snow, Ann S. Young, William H. Young, and Charles E. Bogert, as surviving executors of the will of John S. Young, deceased; and George Wallis, Edward J. O'Flynn, and William M. Evarts,—to foreclose a mortgage.

Plaintiffs are the assignees of a bond made by George B. Elkins to Walter T. Hatch, May 4, 1869, and also of a mortgage accompanying the same, covering property in the city of Brooklyn. These papers are in the usual form, and purport to be an obligation for $7,500. They were not, however, given for any debt of Elkins, but purely as collateral security to secure the firm of

W. T. Hatch & Son, bankers, against loss in certain stock transactions, past and future, between that firm and one W. W. Badger, and were made in pursuance of a written agreement whereby Elkins agreed to execute the said bond and mortgage for that purpose in Badger's behalf. At the time the bond and mortgage were delivered, there was no money transaction whatever between Elkins and Hatch & Son, and they were given entirely in fulfillment of the written agreement. Hatch undertook to foreclose, and recovered judgment, which was, however, reversed by the court of appeals. The case is reported in 65 N. Y. 490. These defendants are the personal representatives of John S. Young, to whom Elkins gave a second mortgage for $6,000 upon a portion of the same premises, dated June 1, 1874. In August, 1884, the plaintiffs loaned Elkins about $1,500, and as security therefor Elkins procured Hatch to assign the bond and mortgage in suit, and also procured his daughter to execute a mortgage upon property owned by her. Plaintiffs had no actual knowledge of the circumstances under which the bond and mortgage in suit were° given, but both bore marks of having been used as exhibits in litigation. On the trial, plaintiffs proved the bond and mortgage, and rested. These defendants then proved by Walter T. Hatch the circumstances under which they were given as security for stock transactions of Badger. Plaintiffs gave no evidence to the contrary, and made no proof whatever of any debt from Badger to Hatch, or of any circumstances showing any rights in Hatch & Son to realize upon the security deposited by Elkins. These defendants requested the court to find that they were entitled to judgment by reason of plaintiffs having failed to prove that any amount was due to Hatch at the time of the assignment to plaintiffs. The court refused so to find, and defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Richard Ingraham, (Edward E. Sprague* and *Fred. Ingraham,* of counsel,) for appellants. *Henry H. Man,* for respondents.

PRATT, J. The production of the bond and mortgage made out a *prima facie* case of indebtedness thereon to the amount of $7,500 and interest, which, by the concession of plaintiffs, was reduced to $1,541. The subsequent evidence showed that the mortgage was not given for a fixed sum, but to indemnify the mortgagees against an uncertain amount of losses. The losses for which the bond and mortgage are an available security are not shown by any testimony that is competent against the second mortgagee. The language of Elkins at the time the $1,500 was advanced might be sufficient to show it a valid security as against him for that amount. But the second mortgage was in existence, and no admission of Elkins could affect it. It might be that no losses had occurred, or that they had been paid. If so, a loan to Elkins and an assignment by Hatch could not revive the mortgage against the second mortgagee. The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.